**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 5 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRADLEY PAUL SANTOYO,

Defendant - Appellant.

No. 24-82

D.C. No.
1:22-cr-02025-MKD-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Mary K. Dimke, District Judge, Presiding

Submitted December 4, 2024[**]
Seattle, Washington

Before: W. FLETCHER, BERZON, and R. NELSON, Circuit Judges.

Bradley Paul Santoyo appeals the district court's 60-month sentence

following his guilty plea for possessing a firearm as a felon, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2). We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

Santoyo contends that the district court abused its discretion by imposing an above-Guidelines sentence and declining to depart downwards under U.S.S.G. § 5K2.23 for time served in state custody. Where no procedural error is alleged, we consider the sentence's substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 57 (2007). We also review the district court's denial of discretionary departures as part of our review of the overall substantive reasonableness of the sentence. *United States v. Mohamed*, 459 F.3d 979, 987 (9th Cir. 2006).

The district court did not abuse its discretion by imposing the above-Guidelines sentence, which is substantively reasonable considering the 18 U.S.C. § 3553(a) factors and the totality of circumstances. *See Gall*, 552 U.S. at 51. The district court considered Santoyo's arguments and adequately explained its reasons for the sentence, including Santoyo's significant criminal history, the nature of the offense, the need to specifically deter Santoyo, the need to avoid unwarranted sentencing disparities, and the need to protect the public. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

**AFFIRMED.**